IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD P. MCAULIFFE, the guardian of the late service dog, Sunny,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF VETERANS AFFAIRS, and the individuals, VERA C. SUDDUTH, CAROL WONG, SHEILA CULLEN, and ODWETDIA DUPREE,<br><br>    Defendants.<br>_____ / | No. C 06-07353 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND GRANTING MOTION TO SUBSTITUTE DEFENDANTS** |

**INTRODUCTION**

In this civil rights action, defendants move to dismiss some of plaintiff's claims and to dismiss claims against individual defendants. After the hearing on this motion, plaintiff was allowed to file a second amended complaint. Defendants have shown that the Secretary of Veterans Affairs is the only proper defendant for plaintiff's Rehabilitation Act claim and that the United States is the only proper defendant in plaintiff's FTCA claim. Plaintiff's *Bivens* claims against Cullen, Wong, and Dupree are barred by the statute of limitations, and plaintiff has not identified a constitutional right that was allegedly violated by Sudduth. Accordingly, defendants' motion to dismiss is **GRANTED**. Defendants' request to substitute the secretary for Veterans Affairs as the sole defendant in the Rehabilitation Act claim and to substitute the United States as the sole defendant in the FTCA claim is **GRANTED**.

**STATEMENT**

Plaintiff, *pro se*, Ronald McAuliffe is a veteran residing in San Francisco (First Amd. Compl. ¶ 3). At the time of the alleged incident, McAuliffe lived with his service dog Sunny who was registered as a service animal through San Francisco's Animal Care and Control (*id.* at ¶ 5). On December 1, 2004, McAuliffe called the VA Hospital at Fort Miley in San Francisco to confirm that Sunny could accompany him into the hospital while he received a flu shot (*id.* at ¶ 7). In the call, receptionist Steve Phillips told him that he could do so (*ibid.*).

On arriving at the hospital with his dog, defendant Vera Sudduth, an employee at the hospital, began yelling at plaintiff (*id.* at ¶ 8). McAuliffe showed her proof of Sunny's designation as a service animal, but Sudduth refused to acknowledge it and continued to yell at him using profanity and racial epithets (*id.* at ¶ 9). She called security. The officer who responded agreed with McAuliffe that his dog was allowed in the hospital, and McAuliffe filed a report of the incident (*id.* at ¶¶ 11–12).

Later on December 1, 2004, McAuliffe spoke to the hospital administrator, defendant Sheila Cullen (*id.* at ¶ 13). He was then referred to the VA's department on grievances and left a voicemail message for Odwetdia Dupree, who did not return his call (*id.* at ¶¶ 14–15). Carol Wong, another VA employee in the department of grievances, called McAuliffe later that day. McAuliffe asked for a written apology from Sudduth and asked that she be reprimanded (*id.* at ¶ 15).

McAuliffe claims that he suffered high blood pressure and "the equivalent of a heart attack for that day" as a result of defendants' actions (*id.* at ¶ 16). He reports that he has had to take medication since April 2005 because of his high blood pressure (*id.* at ¶ 17). McAuliffe also filed a complaint with the United States Department of Veterans' Affairs regional counsel in San Francisco on May 31, 2005 (*id.* at ¶ 18).

McAuliffe filed this action on November 29, 2006, alleging claims against the VA and Vera Sudduth. Plaintiff filed an amended complaint on March 6, 2007, adding Sheila Cullen, Odwetdia Dupree, and Carol Wong as defendants in a new claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The amended

complaint alleged six claims, all against Sudduth and the VA, except for plaintiff's *Bivens* claim.

This motion to dismiss was filed on May 24, 2007. Plaintiff's opposition was due on June 21. Plaintiff asked that attorney Christina Garcia be allowed to appear as special counsel on his behalf and that request was granted. Special counsel filed a partial opposition to defendants' motion on the deadline and asked that she be allowed to file the entire opposition by June 29, 2007, as she was leaving the country. This request was also granted, and defendants were given until July 3, 2007, to file their reply brief.

At the hearing on this motion, plaintiff's special counsel acknowledged that some of plaintiff's claims under the Americans with Disabilities Act and 42 U.S.C. 1983 were not properly pleaded and expressed a desire to add a claim under the Rehabilitation Act. Plaintiff then asked for leave to file a second amended complaint and was allowed to do so. The second amended complaint alleges the following claims: (1) violation of Section 504(a) of the Rehabilitation Act against all defendants; (2) a claim under the Federal Tort Claims Act based on violations of the Rehabilitation Act and several provisions of California state law against all defendants; (3) a claim for interference with rights secured by federal law under California Civil Code § 52.1 against individual defendants through a *Bivens* action, and against the other defendants via the FTCA; (4) a claim for violation of California Civil Code § 54.3 against individual defendants through a *Bivens* action and against the other defendants via the FTCA; (5) personal injury and intentional infliction of emotional distress against individual defendants through a *Bivens* claim and against the other defendants via the FTCA; (6) a *Bivens* claim against the individual defendants for violations of the Rehabilitation Act and provisions of California state law; and (7) a claim for declaratory relief. Gone are McAuliffe's Section 1983 claim and American with Disabilities Act claims. Defendants were permitted to file a response to the second amended complaint.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

3

does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (May 21, 2007). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

### 1. REHABILITATION ACT CLAIM.

Plaintiff's first claim in the second amended complaint is under Section 504(a) of the Rehabilitation Act which prohibits discrimination against individuals with qualified disabilities "under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. 794(a). Section 504(a) places obligations only on those who actually receive federal funding. *See U.S. Dept. of Transp. v. Paralyzed Veterans of America*, 477 U.S. 597, 606 (1986). Those merely receiving a salary from a federal agency are not included. *Grzan v. Charter Hosp. of Northwest Indiana*, 104 F.3d 116, 119–20 (7th Cir. 1997). The only proper defendant for a claim under Section 504 of the Rehabilitation Action is the head of the relevant agency. *Farrell v. United States Dep't of Justice*, 910 F. Supp. 615, 618 (M.D. Fla. 1995).

Plaintiff asserts this claim against all defendants. The only proper defendant for a claim under Section 504(a), however, is the head of the relevant agency, here the VA. R. James Nicholson, the current Secretary for Veterans Affairs, must be substituted as the sole defendant in this claim. Defendants' motion is **GRANTED**; all other defendants are **DISMISSED**.

### 2. FEDERAL TORT CLAIMS ACT.

Plaintiffs' second claim is under the FTCA and names all defendants. Defendants argue that the individual defendants and the VA should be dismissed, and the United States should be substituted as the only defendant. Under the FTCA, the only proper defendant is the United States. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Plaintiff can only

4

name the United States as a defendant in his second claim. Accordingly, defendants' motion to substitute the United States as sole defendant is **GRANTED**, all other defendants are **DISMISSED**.

Defendants next argue that the Rehabilitation Act is not a proper basis for an FTCA claim because the FTCA only provides for liability for alleged violations of state law. The FTCA provides that the United States may be held liable "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 8 U.S.C. 1346(b)(1). The Supreme Court has held that the "law of the place" refers to state law only. *Federal Deposit Ins. Corp. v. Meier*, 510 U.S. 471, 478 (1994). The Rehabilitation Act is a federal statute, thus it cannot form the basis of an FTCA claim. Accordingly, references to the FTCA must be **STRICKEN** from plaintiff's second claim.

### 3. PLAINTIFF'S THIRD, FOURTH, FIFTH AND SIXTH CLAIMS.

Plaintiff brings his third, fourth, and fifth claims against individual defendants through a *Bivens* claim, and against the VA and the United States through the FTCA. Plaintiff's sixth claim is a *Bivens* claim, presumably against individual defendants.

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co., Inc.*, 697 F.2d 880, 885 (9th Cir. 1983).

#### A. FTCA Claims.

Plaintiff purports to bring his third, fourth, and fifth claims against the VA and the United States through the FTCA. To establish subject-matter jurisdiction for any complaint where the federal government is named as a party, the plaintiff must identify a waiver of sovereign immunity. *See United States v. Mitchell*, 445 U.S. 535, 538, *reh'g denied*, 446 U.S. 992 (1980).

5

The state-law basis of McAuliffe's third claim is California Civil Code § 52.1, the basis of his fourth claim is § 54.3, and the basis of his fifth claim is personal injury and intentional infliction of emotional distress. Each of these bases for liability were already listed in plaintiff's second claim under the FTCA. Plaintiff has also identified no other basis for a waiver of sovereign immunity as to his third, fourth, and fifth claims. These claims against the VA and the United States are redundant, and must be **STRICKEN** from the complaint.

### B. *Bivens* Claims Against Individual Defendants.

Plaintiff brings his third, fourth, and fifth claims against individual defendants Sudduth, Wong, Cullen, and Dupree as *Bivens* claims. In his sixth claim, plaintiff brings a *Bivens* claim against all individual defendants based on the same alleged violations as his third, fourth, and fifth claims. Plaintiff's sixth claim is redundant as it only repeats allegations from the prior claims. Accordingly, defendants' motion to dismiss is **GRANTED** as to the sixth claim, and it must be **DISMISSED**.

#### (1) *Cullen, Wong, and Dupree.*

First, defendants argue that the *Bivens* claim against Cullen, Wong, and Dupree was untimely filed. "Although federal law determines when a *Bivens* claim accrues, the law of the forum state determines the statute of limitations for such a claim . . . . Tolling provisions for *Bivens* claims are also borrowed from the forum state." *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). Under federal law, "a *Bivens* claims accrues when the plaintiff knows or has reason to know of the injury." *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2002). The statute of limitations for *Bivens* actions in California is two years. *Pesnell v. Arsenault*, ___ F.3d ____, 2007 WL 1775198, *4 (9th Cir. June 21, 2007).

Plaintiff's first complaint, filed on November 29, 2006, did not include this claim. It was added in plaintiff's amended complaint, filed on March 6, 2007. Plaintiff first knew of his injury on December 1, 2004, the date on which he alleges that he was denied entry into the VA hospital because of his service dog. He also alleges that he contacted Cullen, Dupree, and Wong about the incident on that day and on December 2, 2004. He did not file his amended

1 complaint naming Cullen, Wong, and Dupree as defendants in the *Bivens* claim until March 6,
2 2007, after the statute of limitations had elapsed.

3       Plaintiff contends that the amendment to add the *Bivens* claim is covered by the
4 doctrine of relation back under Rule 15(c). Relation back is allowed when (1) the law of the
5 forum state permits; (2) the new claim arises from the same conduct, transaction or occurrence
6 as the original complaint; or (3) the amendment changes the party or the naming of the party
7 and satisfies the same transaction or occurrence requirement. The law of the forum state,
8 California, does not permit relation back where new defendants are added. *Woo v. Superior*
9 *Court*, 75 Cal. App. 4th 169, 176 (1999). On the second prong, the "same transaction or
10 occurrence" does not encompass the addition of new defendants. *Lewis v. Lewis*, 358 F.2d
11 495, 502 (9th Cir. 1966). The third prong cannot apply either as plaintiff's amended complaint
12 added defendants instead of merely changing the names of parties.

13       Plaintiff next argues that because he filed a complaint with the VA on May 31, 2005,
14 and named all defendants including Cullen, Dupree, and Wong, his *Bivens* claim should be
15 considered timely filed. The complaint to the VA, so plaintiff contends, put Cullen, Dupree,
16 and Wong on notice of the claims against them. The complaint, however, was lodged with the
17 VA's regional counsel, so it is not clear that Cullen, Dupree, and Wong would have even heard
18 of plaintiff's claims. Furthermore, statutes of limitations denote when a plaintiff must file *a*
19 *lawsuit*; statutes of limitations are not satisfied by merely giving notice to defendants.
20 Accordingly, plaintiff's claims against Cullen, Dupree, and Wong are time-barred, and
21 defendants' motion must be **GRANTED**, and the claims against Cullen, Wong, and Dupree are
22 **DISMISSED**. This order need not reach defendants' argument that plaintiff did not sufficiently
23 allege personal involvement by Cullen, Wong and Dupree.

24                 **(2)**    *Sudduth.*

25       The threshold question in a *Bivens* claim is whether the plaintiff has pleaded that a
26 federal officer violated his constitutional rights. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).
27 Here, plaintiff alleges that his *Bivens* claim against Sudduth is based on violations of California
28 Civil Code § 52.1 and § 54.3, and personal injury and intentional infliction of emotion distress.

7

None of these sections identifies a federal constitutional right, so plaintiff cannot plead a *Bivens* claim on any of these bases.

California Civil Code § 52.1 prohibits interference with the exercise and enjoyment rights secured by the federal government. Defendants argue that even if this statute did implicate a federal constitutional right, plaintiff has not pleaded that his federal constitutional rights were violated. Plaintiff alleges that he was denied entry into the VA hospital to receive medical care, for which, as defendants correctly point out, there is no constitutional right. Plaintiff also alleges that Sudduth used racial slurs against him in telling to leave the hospital. Plaintiff in his opposition tries to claim that Sudduth discriminated against him on the basis of race. Here, however, plaintiff has not alleged sufficient facts to indicate that any of his constitutional rights were violated on these facts. Accordingly, plaintiff will not be given leave to amend his *Bivens* claim a second time. Defendants' motion is **GRANTED**, and the *Bivens* claims must be **DISMISSED**.

**4.     DECLARATORY RELIEF UNDER THE FTCA.**

Plaintiff's final claim is for declaratory relief or an injunction. Defendants argue that declaratory relief is not available under the FTCA. McAuliffe's remaining claims necessarily rely on the FTCA's waiver of sovereign immunity. The FTCA only waives sovereign immunity as to claims for "money damages" and not for declaratory or injunctive relief. 28 U.S.C. 1346(b)(1). Furthermore, declaratory relief is remedy and not an independent legal claim. Accordingly, defendants' motion to dismiss plaintiff's claim for declaratory relief is **GRANTED**, and this claim must be **DISMISSED**. Plaintiff will not be granted leave to amend because doing so would be futile.

**CONCLUSION**

For all of the above-stated reasons, defendants' motion to dismiss is **GRANTED**. Defendants' motion to substitute R. James Nicholson, Secretary of Veterans Affairs, as the sole defendant in plaintiff's Rehabilitation Act claim is **GRANTED.** Defendants' motion to substitute the United States as the only proper defendant in plaintiff's FTCA claim is **GRANTED**. References to the Rehabilitation Act in plaintiff's FTCA claim are **STRICKEN**.

8

Plaintiff's third, fourth, fifth, sixth and seventh claims are **DISMISSED** without leave to amend. Plaintiff's fist and second claims under the Rehabilitation Act and the FTCA survive.

**IT IS SO ORDERED.**

Dated: July 23, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE